PER CURIAM.
Upon consideration of the parties’ responses to the Court’s show cause order of May 26, 2006, the Court has determined that the appeal is premature. The appellants have sought review of an order of the lower tribunal disposing of Counts I and II of a six-count complaint filed by the appel-lees. The lower tribunal specifically reserved jurisdiction to consider the Second Amended Complaint’s remaining four claims. In response to the Court’s show cause order the appellants concede that the order is not final. However, the appel-lees have suggested that the order is a partial final judgment with regard to appellant Alan M. O’Neal, and that the appeal must be pursued at this time. The appellees also suggest that the notice of joinder filed by defendants Donald Mar-den, Nancy Marden, and Anthony Brown is premature because counterclaims filed by those parties remain pending at this time.
The appellees have asserted that their voluntary dismissal of the claims reserved by the order on appeal renders the order final with regard to appellant O’Neal. Contrary to the appellees’ assertion, their *250 attempts to voluntarily dismiss Counts III, V, and VI, and Count IV of the Second Amended Complaint, were ineffective. Florida Rule of Civil Procedure 1.420(a) provides that an action may be voluntarily dismissed without order of the court under limited circumstances. Specifically, the action may be unilaterally dismissed by the plaintiff before trial by serving, or during trial by stating on the record, a notice of dismissal. After that point, a voluntary dismissal by the parties can be accomplished only by filing a stipulation of dismissal signed by all of the parties who have appeared in the action. Here, the appellees attempted to voluntarily dismiss the remainder of their claims after trial by filing a notice of voluntary dismissal, rather than a stipulation of dismissal signed by all parties. Therefore, the Court concludes that Counts III through VI of the Second Amended Complaint remain pending at this time.
The appellees have also suggested that the notice of joinder in the appeal filed by Donald Marden, Nancy Marden and Anthony Brown is premature because counterclaims filed by those three defendants remain pending at this time. The appel-lees are correct. A motion to dismiss the counterclaims remains pending at this time and resolution of those counterclaims is inextricably linked with the matters disposed of by the order on appeal. Because claims and counterclaims that are related to those disposed of by the order on appeal remain pending, the appeal is premature and the appeal is hereby dismissed for lack of jurisdiction.
DISMISSED.
ALLEN, WEBSTER, and THOMAS, JJ., concur.